Curia, per O’Neall, J.
I have read over the charge of the Judge, with care and attention, and 1 concur fully in it. The first ground, as explained by the Judge’s statement of his own charge, removes all the difficulty in that respect. He told the jury that, “sales at auction or otherwise, of his goods, with the intent to defraud his creditors out of the proceeds, in the manner charged by Hyams, was such a fraud as the law contemplated.” This did not intend to say, that when Hyams assented to such a sale, it would be a fraud upon him ; nor could it have been so understood by the jury. No matter what might be the fraud upon other creditors, as all had discharged the defendant, except Hyams, it followed that, to prevent his discharge under the Insolvent Debtors’ Act, the fraud must be a fraud on Hyams. A general charge of fraud on creditors, in this particular, of course included Hyams, and when the proof was heard, he alone could have the right to complain of the fraud. When the Judge speaks generally of fraudulent sales at auction, or other alienation of the debtor’s goods, it follows, that he uses the terms in reference to the case made.
The matter complained of in the second ground, seems to me to have been properly submitted to the Jury. It was laid before them for their examination, and, according to the result of that examination, would be their conclusion for or against the prisoner. In such an examination, the defendant’s books could only have exonerated him, by being given in evidence by the plaintiff, and by shewing perfect fairness. I understand, from the Judge’s report, that they were in evidence, were examined by the jury; and that, therefore, the whole force of the defendant’s objection is, that the Judge did not tell the jury that the books were conclusive evidence in favor of the defendant. This would have been assuming the province of the jury. The Bd ground is conclusively settled by the. case of Gray v. Schroder, and its reaffirmation, in the case of Smith, Mowry & Son v. Schroder.
*426 This brings me to the 4th ground, which makes the only ]ega| question in the case. I have no doubt that a general verdict, “guilty,” or as written in this case, “generally guil-wjjere ap the grounds charge fraud of the same character, is sufficient; our cases mean no more than that. The case of Walker v. Briggs, only decided that finding one jssue against the defendant, which deprived him of the benefit of the Prison Bounds Act, did not preclude the jury from going on and finding also on the other issues. In Lemon and Aiken v. Moore, four issues were made, viz: — 1st. The payment of debts, in preference to that of the plaintiff; 2d. the omission of five hundred dollars in the schedule; 3d. a fraudulent confession of judgment to Henry Moore ; and 4th. failing to insert in the schedule v'arious articles. The jury found a,general verdict, “guilty of fraud,” but told the Court they were' not agreed on any but the first ground. The party required him to insist on the jury, that they should find on the other issues; this he refused to do, and the Court,- on that account, ordered a new trial. In Headly and Street v. Jordan, there was a general verdict “guilty,” on charges imputing a fraudulent schedule and a fraudulent preference. A new trial was ordered, on account of the difference in the legal effect of these two charges. For the first would forever deprive the defendant of the benefit of the Insolvent Debtors’ and Prison Bounds Act, and would charge his sureties on the prison bounds bond with the debt. McCarley, ex’or. v. Davis et al. The other charge might not have such effects. In this case, notwithstanding the many particulars specified in the eleven grounds or issues, yet, in substance, they constitute only one general charge, and that is, that the defendant had not made a full surrender of his whole estate. “Guilty generally,” is only saying, we ■find the defendant guilty in each particular making up this general charge. The other ground of appeal cannot avail the defendant. The evidence was of that kind which, when resolved by the verdict of a jury, it is impossible for this court to say that the verdict is against its weight. It is very true, that we naturally revolt against perpetual imprisonment, which seems to be the consequence of this verdict, and more especially when it falls upon one so young as the defendant; but our sympathies' cannot control the law. It is for the plaintiff to weigh and consider, in the scales of his own conscience, enlightened by the Holy Book which is the rule of his faith, whether he can inexorably enforce such judgment, and meet the consequences in a future day.
The motion is dismissed.
Richardson, Evans, Wardlaw and Frost, JJ. concurred.

Motion refused.